**Robert Ray ALLEN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 24464.

United States Court of Appeals
Fifth Circuit.

Nov. 7, 1967.

Robert Ray Allen, Texarkana, Tex., for appellant.

B. H. Timmins, Jr., Asst. U. S. Atty., Dallas, Tex., for appellee.

Before RIVES, GOLDBERG and AINSWORTH, Circuit Judges.

PER CURIAM:

Appellant, on April 7, 1966, was convicted on his plea of guilty of the possession of stolen mail in violation of 18 U.S.C. § 1708. He subsequently petitioned the district court for vacation of judgment under 28 U.S.C. § 2255, alleging that three postal inspectors had taken him into custody and failed to provide the constitutionally required advice and warnings set forth in Miranda v. State of Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. The district court held a plenary hearing on that petition and denied relief. This appeal is from that denial of relief.

On January 11, 1966, petitioner was approached by three postal inspectors in a bank and was asked to accompany them to their office for a discussion of two checks which he had just deposited. He went with them, and it was the resultant meeting which he asserts constituted "custody" of a nature to make operative the requirements of Miranda v. State of Arizona, supra. The district court found that the interview was not such custody, and that there was no truth to the peti-

tioner's allegations regarding the behavior of the inspectors toward the petitioner.

The requirements of *Miranda,* decided June 13, 1966, are not applicable to a trial held April 11, 1966. Johnson v. State of New Jersey, 1966, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882. We note further that the *Miranda* requirements would not be relevant where no evidence was introduced at the trial.

The alleged coercive effect of the interview on the subsequent guilty plea necessitates a consideration of the circumstances of the interview. See Machibroda v. United States, 1962, 368 U.S. 487, 493, 82 S.Ct. 510, 7 L.Ed.2d 473. A review of the record convinces us that the district court was not clearly erroneous in its evaluation of the facts regarding the behavior of the inspectors. There is substantial evidence to support the conclusion that the interview had no coercive effect on the subsequent guilty plea. Additionally, at the trial the district court made a thorough inquiry into the voluntariness of the guilty plea. The judgment is therefore

Affirmed.